# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| ALICIA NAILIA ROYAL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:18-cv-123-HAB |
| | ) | |
| DEPARTMENT OF CHILD SERVICES, | ) | |
| MYIKELL PAYNE, DANIEL BALDWIN, | ) | |
| SELMA CAKOR, JENNIFER FLETCHER, | ) | |
| JAMES PIPPEN, and HOLLY DANIELS, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the Court on Defendant Holly Daniels' Motion to Dismiss (ECF No. 18). Daniels asks this Court to dismiss Plaintiff's pro se Civil Complaint (ECF No. 1) against her under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, Daniels' motion will be denied.

## PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff filed her complaint on May 7, 2018. Broadly speaking, Plaintiff alleges that the Indiana Department of Child Services and its employees and/or agents acted in concert to remove her children from her home. Over the course of six numbered paragraphs, the complaint makes specific allegations against all the defendants except Daniels. On October 12, 2018, Daniels, noting the lack of allegations against her, filed the instant motion seeking dismissal of the complaint. Plaintiff filed her Response (ECF No. 28) on December 28, 2018, and within that response made several allegations against Daniels. Daniels filed her Reply in Support of Motion to Dismiss (ECF No. 30) on January 1, 2019. Daniels admitted that Plaintiff's response contains allegations against Daniels, but nonetheless continued to seek dismissal stating, "the complaint has not been amended

and, accordingly, the status of the record is still that the complaint makes no allegations against Defendant Daniels." (*Id*., p. 1).

## LEGAL ANALYSIS

Daniels brings her motion pursuant to Federal Rule 12(b)(6), which allows a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. Cty. of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). The complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court explained that the complaint must allege facts that are "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007). The complaint must include "enough facts to state a claim to relief that is plausible on its face." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009) (internal citation and quotation marks omitted). To be facially plausible, the complaint must allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Pro se pleadings must be liberally interpreted. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Hart v. Amazon.com, Inc.*, 191 F. Supp. 3d 809, 816 (N.D. Ill. 2016), aff'd, 845 F.3d 802 (7th Cir. 2017) ("Because Plaintiff is proceeding pro se, the Court construes his complaint 'liberally' and holds it to a 'less stringent standard than formal pleadings drafted by lawyers.'") (quoting *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Daniels is correct that the complaint, taken alone, fails to specifically identify her as a perpetrator of the alleged acts. However, the Seventh Circuit has made it clear that facts alleged in

a brief in opposition to a motion to dismiss as well as factual allegations contained in other court filings of a pro se plaintiff may be considered when evaluating the sufficiency of a complaint so long as they are consistent with the allegations of the complaint. *See, e.g.*, *Smith v. Dart*, 803 F.3d 304, 310–11 (7th Cir. 2015); *Dausch v. Rykse*, 52 F.3d 1425, 1428 n.3 (7th Cir. 1994); *American Inter–Fidelity Exch. v. American Re–Insurance Co.*, 17 F.3d 1018, 1021–22 (7th Cir. 1994); *Hrubec v. Nat'l R.R. Passenger Corp.*, 981 F.2d 962, 963–64 (7th Cir. 1992); *Swofford v. Mandrell*, 969 F.2d 547, 549 (7th Cir. 1992); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992). The Court concludes that the additional facts contained in the Response, essentially that Daniels ignored court orders and conspired with Defendant Cakor to keep Plaintiff from her daughter, are consistent with the allegations in the complaint. Notably, Daniels makes no argument that these facts would be insufficient to state a claim. Accordingly, the Court concludes that Plaintiff has cleared the low bar of Federal Rule of Civil Procedure 12(b)(6), and that dismissal is not warranted.

## CONCLUSION

For the reasons set forth above, Daniels' Motion to Dismiss is DENIED. Daniels is hereby ordered to file an answer or other responsive pleading to the complaint within ten (10) days of this Order.

SO ORDERED on May 9, 2019.

        s/ Holly A. Brady  
        JUDGE HOLLY A. BRADY  
        UNITED STATES DISTRICT COURT