# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ALICIA NAILIA ROYAL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:18-cv-123-HAB |
| ) | |
| DEPARTMENT OF CHILD SERVICES, ) | |
| MYIKELL PAYNE, DANIEL BALDWIN, ) | |
| SELMA CAKOR, JENNIFER FLETCHER, ) | |
| JAMES PIPPEN, and HOLLY DANIELS, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter comes before the Court on the Department of Child Services' ("DCS") Motion to Dismiss (ECF No. 22) Plaintiff's pro se Civil Complaint (ECF No. 1). DCS argues that dismissal is appropriate because: (1) DCS enjoys immunity under the Eleventh Amendment to the United States Constitution; and (2) DCS is not a "person" for the purposes of 42 U.S.C. § 1983. For the reasons set forth below, DCS' motion will be granted.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed her complaint on May 7, 2018. Broadly speaking, Plaintiff alleges that the Indiana Department of Child Services and its employees and/or agents acted in concert to remove her children from her home. DCS filed a motion to dismiss with a supporting memorandum of law on October 24, 2018, arguing that Plaintiff failed to state a claim against it for the reasons set forth above. Plaintiff filed her Response (ECF No. 29) on December 28, 2018. The response added additional facts but did not address the legal points raised in DCS' motion.

# LEGAL ANALYSIS

Although Plaintiff's complaint is less than clear, it appears to be alleging that the Defendants violated her substantive due process right to raise her child, which would theoretically be actionable under 42 U.S.C. § 1983. *See Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Berman v. Young*, 291 F.3d 976, 983 (7th Cir. 2002). However, as DCS points out, to successfully bring a claim under § 1983, Plaintiff must allege a specific deprivation of her constitutional rights and establish that the party sued qualifies as a person acting under the color of state law. *Xiong v. Fischer*, 787 F.3d 389, 397 (7th Cir. 2015). There is no question that DCS is a branch of the State of Indiana. See Ind. Code § 31-25-1-1. That means that DCS is not a person as defined by § 1983 and therefore cannot be sued. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Badger Catholic, Inc. v. Walsh*, 620 F.3d 775, 781 (7th Cir. 2010); *Fairley v. Fermaint*, 482 F.3d 897, 904 (7th Cir. 2007). Because DCS is not a person, as a matter of law, Plaintiff's § 1983 claims against DCS are barred. *See Id*.

As DCS further points out, to the extent that Plaintiff advances any claim against DCS outside the auspices of § 1983, the Eleventh Amendment's principle of sovereign immunity bars suits against states and their agencies regardless of the relief sought. *Seminole Tribe of Fl. v. Florida*, 517 U.S. 44, 58 (1996) (citing *Cory v. White*, 457 U.S. 85, 90 (1982)). For a private litigant like Plaintiff to bring a federal lawsuit against a state agency, the state must consent to the suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Joseph v. Bd. of Regents of Univ. of Wis. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005). The State plainly has not waived its immunity and consented to be sued in this action, and Plaintiff cannot proceed with any other claims against DCS.

## CONCLUSION

For the foregoing reasons, DCS' Motion to Dismiss (ECF No. 22) is GRANTED.

SO ORDERED on May 9, 2019.

                                                  s/ Holly A. Brady
                                                  JUDGE HOLLY A. BRADY
                                                  UNITED STATES DISTRICT COURT