# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ALICIA NAILIA ROYAL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Cause No. 1:18-CV-123-HAB ) |
| HOLLY DANIELS, et al., | ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter comes before the Court on Defendant Holly Daniels' Motion for Summary Judgment (ECF No. 48) filed on July 18, 2019. Daniels initially failed to issue the required summary judgment notice under Northern District of Indiana Local Rule 56-1(f), resulting in Plaintiff's deadline to respond to Daniel's motion being extended to September 9, 2019. Despite the extension, Plaintiff has failed to file a response. The Court finds that the facts designated by Daniels demonstrate that she is entitled to judgment as a matter of law, and therefore her Motion for Summary Judgment will be granted.

### I. FACTUAL BACKGROUND

Daniels is one of many defendants sued by Plaintiff as part of an alleged conspiracy involving representatives of the Department of Child Services. Daniels was the court-appointed Guardian Ad Litem ("GAL") for Plaintiff's daughter. Daniels was appointed GAL as part of a CHINS case arising out of an altercation between Plaintiff and her brother. This GAL appointment was not an easy one. Throughout the appointment, the daughter changed her mind regarding whether she wanted to return to her mother. In addition, several factors arose that caused Daniels to recommend a change in the daughter's counselor. However, Daniels could only suggest a

change in counselor, she could not change the counselor on her own. Daniels left her role as GAL before the CHINS case was fully adjudicated to take a job with the Department of Child Services.

## II. LEGAL ANALYSIS

A. *Summary Judgment Standard*

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must marshal and present the Court with evidence on which a reasonable jury could rely to find in their favor. *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). A court must deny a motion for summary judgment when the nonmoving party presents admissible evidence that creates a genuine issue of material fact. *Luster v. Ill. Dep't of Corrs.*, 652 F.3d 726, 731 (7th Cir. 2011) (citations omitted). A court's role in deciding a motion for summary judgment "is not to sift through the evidence, pondering the nuances and inconsistencies, and decide whom to believe. The court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Waldridge v. Am. Heochst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

Facts that are outcome determinative under the applicable law are material for summary judgment purposes. *Smith ex rel. Smith v. Severn*, 129 F.3d 419, 427 (7th Cir. 1997). Although a bare contention that an issue of material fact exists is insufficient to create a factual dispute, a court must construe all facts in a light most favorable to the nonmoving party, view all reasonable inferences in that party's favor, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 491–92 (7th Cir. 2000), and avoid "the temptation to decide which party's version of the facts is more likely true," *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). Additionally, a court is not "obliged to research and

construct legal arguments for parties, especially when they are represented by counsel." *Nelson v. Napolitano*, 657 F.3d 586, 590 (7th Cir. 2011).

The fact that Plaintiff has not filed a response to either summary judgment motion does not entitle Daniels to summary judgment by default. Instead, the Court "must still review the uncontroverted facts and make a finding that summary judgment is appropriate as a matter of law." *Nabozny v. Podlesny*, 92 F.3d 446, 457 n.9 (7th Cir. 1996).

B.     *Daniels Enjoys Statutory Immunity*

Indiana Code § 31-32-3-10 provides, in relevant part, "[e]xcept for gross misconduct, if…a guardian ad litem…performs the person's duties in good faith, the person is immune from any civil liability that may occur as a result of that person's performance during the time that the person is acting within the scope of the person's duties." The statute does not define "gross misconduct," but that is ultimately unimportant because there is no evidence of ordinary misconduct. The evidence submitted by Daniels, and uncontroverted by Plaintiff, demonstrates that Daniels did what a GAL would be expected to do. She made recommendations based upon her assessment of what was in the best interest of the child. She dealt with a young child that, understandably, wanted to be with her mother. Daniels should be thanked for her service in this regard, not made the defendant in a lawsuit. Daniels enjoys statutory immunity from liability, and summary judgment in her favor is appropriate.

III.   CONCLUSION

For the foregoing reasons, Daniels' Motion for Summary Judgment (ECF No. 48) is GRANTED.

SO ORDERED on September 16, 2019.

                                                          s/ Holly A. Brady
                                                         JUDGE HOLLY A. BRADY
                                                         UNITED STATES DISTRICT COURT