# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| ALICIA NAILIA ROYAL, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CAUSE NO. 1:18-cv-00123-HAB-SLC |
| | ) |
| MYIKELL PAYNE, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## OPINION AND ORDER

Before the Court is a letter filed by *pro se* Plaintiff Alicia Nailia Royal on November 25, 2019, which the Court deems to be a second motion requesting that this Court recruit an attorney to represent her. (ECF 64). Plaintiff's first request for counsel was denied because she had not indicated whether she had contacted at least three attorneys concerning her case. (ECF 61, 63). While Plaintiff has now satisfied that threshold requirement, her motion for the appointment of counsel is unsuccessful on the merits for the following reasons.

### A. *Legal Standard*

Civil litigants do not have a right, either constitutional or statutory, to court-appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997); *Zarnes v. Rhodes,* 64 F.3d 285, 288 (7th Cir. 1995); *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). Rather, district courts are empowered to recruit an attorney to represent a plaintiff without charge when she is "unable to afford counsel." 28 U.S.C. § 1915(e)(1). The Seventh Circuit Court of Appeals has instructed that several factors should be weighed by the district court when determining whether recruitment of counsel is warranted: (1) whether the plaintiff has made a reasonable attempt to obtain counsel or been effectively

precluded from doing so; and (2) given the difficulty of the case, whether the plaintiff appears competent to litigate it herself. *Pruitt*, 503 F.3d at 654.

The second portion of this inquiry, stated another way, is "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge and jury [herself]." *Olson v. Morgan*, 750 F.3d 708, 712 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). Factors to be considered include "the plaintiff's literacy, communication skills, educational level, and litigation experience." *Pruitt*, 503 F.3d at 655. Finally, in conducting this inquiry, the district court must ascertain "whether the plaintiff appears competent to litigate [her] own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted).

*B. Analysis*

As an initial matter, the Court notes that in her first request for an attorney, Plaintiff complains of her inability to properly communicate with the "lawyer that represents SCAN. . . ." (ECF 61). There is, however, no SCAN defendant currently in this case. Rather, Plaintiff appears to be referring to the attorney representing the defendants in a separate civil matter where she is a party.[1] *See Alicia Nailia Royal v. Paige Walker, SCAN, et al.,* 1:18-cv-00122-HAB-SLC. As such, Plaintiff does not appear to raise any issues as to her ability to adequately litigate the present case, and provides no reasons why she believes recruited counsel is appropriate here. In the interest of completeness, however, the Court will analyze Plaintiff's request pursuant to the previously cited case law.

---

[1] In fact, Plaintiff filed identical motions requesting counsel in each case. (*Compare* ECF 37, 41 in 1:18-cv-00122 *with* ECF 61, 64 in 1:18-cv-00123).

As stated above, Plaintiff indicates that she has contacted five attorneys or legal associations about this matter, but none have taken her case. *See Jackson*, 953 F.2d at 1073 ("If . . . the indigent has made no reasonable attempts to secure counsel (unless circumstances prevented him from doing so), the court should deny any § 1915(d) motions outright."). Therefore, she has satisfied the threshold element of a request for counsel. Having said that, several attorneys have chosen to pass up the opportunity to represent Plaintiff, which speaks rather directly to the merits of her case and raises a fair inference that these attorneys did not view her case as meritorious. *See id.* (considering plaintiff's unsuccessful attempts to retain counsel when denying his motion to appoint counsel).

As to the second portion of the inquiry, Plaintiff alleges in this matter that Defendants committed due process violations of her parenting rights. (ECF 1). While Plaintiff's claims may involve some legal complexity, many of the facts of this case are within her particular knowledge, and thus, the task of factual discovery is apt to be quite limited. *See Lovelace v. Dall*, 820 F.2d 223, 226-27 (7th Cir. 1987) (denying a motion to appoint counsel where *pro se* plaintiff could adequately handle the discovery process and trial in a relatively simple § 1983 case). Plaintiff has already articulated her claims (ECF 1) and survived a motion to dismiss (ECF 18, 28, 30, 32); has properly responded to motions pending against her (ECF 28, 29), and participated in a Rule 16 preliminary pretrial conference (ECF 55).

It is also evident from Plaintiff's participation in the preliminary pretrial conference that Plaintiff has adequate communication skills to proceed *pro se.* (ECF 55). Specifically, Plaintiff is not illiterate, as she has consistently filed written documents in open court. *Cf. Henderson v. Ghosh*, 755 F.3d 559, 567 (7th Cir. 2014) (reversing a district court's denial of request for counsel where the record reflected plaintiff's low IQ, functional illiteracy, and poor education).

Further, Plaintiff is not presently incarcerated and thus has the freedom to perform her own research.

While Plaintiff appears to have not complied with the Federal Rules of Civil Procedure requiring her to confer in good faith with Defendants' counsel about setting pretrial schedules (ECF 55), Plaintiff's noncompliance seems to have stemmed more from her issues receiving mail rather than to any inability to understand these proceedings or represent herself. *See Harper v. Bolton*, 57 F. Supp. 3d 889, 900 (N.D. Ill. 2014) ("Mr. Harper's contention that defendants . . . delayed delivery of a piece of legal mail . . . . [has] nothing to do with the plaintiff's competency to represent himself."). As such, Plaintiff raises no specific issues regarding her ability to communicate and confer with the attorneys in this case. (ECF 61).

For these reasons, Plaintiff's request that the Court recruit counsel for her (ECF 64) is DENIED. The Court will reconsider recruiting counsel for Plaintiff in the future if it becomes evident that the case has sufficient merit to require more complex proceedings. *See Mungiovi v. Chi. Hous. Auth.*, No. 94 C 6663, 1994 WL 735413, at *2 (N.D. Ill. Dec. 19, 1994) ("[The] court's general practice is to consider appointment of counsel if and when it appears that the action has sufficient merit to require complex discovery or an evidentiary hearing." (citation omitted)).

SO ORDERED.

Entered this 14th day of January 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge