# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| ALICIA NAILIA ROYAL, | ) | |
|     Plaintiff, | ) ) ) | |
| vs. | ) ) | Cause No. 1:18-CV-123-HAB |
| MYIKELL PAYNE, *et al.*, | ) ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

Plaintiff Alicia Nailia Royal believes that Defendants violated her Due Process rights by conspiring to remove her children from her home. Royal alleges that Defendants accomplished their goals by using false criminal charges and otherwise misusing the justice system. For the past four months, Royal has repeatedly petitioned the magistrate to recruit pro bono counsel, but all her requests have been denied. Royal now asks this Court to review the magistrate's decisions. The Court concludes that the magistrate used the correct legal standard in evaluating Royal's request. However, the Court cannot conclude that the magistrate appropriately applied that standard and is instead left with the definite and firm conviction that a mistake has been made. Accordingly, pro bono counsel will be recruited to represent Royal.[1]

**A.**     **Standard of Review**

Rule 72(a) provides:

> [w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections

---

[1] Royal also asks this Court to remove Magistrate Collins from this case. The Court agrees entirely with the magistrate's ruling on this issue and will deny Royal's request to review that portion of the magistrate's orders.

and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). Similarly, 28 U.S.C. § 636(b)(1)(A) provides:

> a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

Since this matter is not one of the eight exceptions listed in § 636(b)(1)(A), this Court's review is properly under the clearly erroneous or contrary to law standard. *See*, *e.g.*, *Wojtalewicz v. Pioneer Hi-Bred Intern., Inc.*, 944 F. Supp. 2d 715, 721 (D. Neb. 2013); *Vernon v. Qwest Commc'ns Int'l, Inc.*, 857 F. Supp. 2d 1135, 1141 (D. Colo. 2012). A finding is clearly erroneous if the reviewing court is left with the definite and firm conviction that a mistake has been committed. *Ill. Liberty PAC v. Madigan*, 904 F.3d 463, 469 (7th Cir. 2018).

### B.     Pro Bono Counsel

A plaintiff does not have a right to court-appointed counsel in civil litigation, but an indigent party can ask the court to recruit an attorney to represent them. *See* 28 U.S.C. § 1915(e)(1). The district court has discretion to grant such a request. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). In exercising its discretion, the district court must answer two questions: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel; and (2) given the difficulty of the case, does the plaintiff appear competent to litigate on their own. *Id*. at 654–55.

The Court agrees with the magistrate's evaluation of the first question. From July to November 2019, Royal contacted five different legal organizations seeking representation. (*See* ECF No. 64). The magistrate concluded, and the Court agrees, that Royal has made a reasonable

attempt to obtain counsel. *See*, *e.g.*, *Pollard v. Meadows*, 2016 WL 128531, at *1 (N.D. Ind. Jan. 11, 2016).

The Court cannot agree with the magistrate on the second question. In determining whether a plaintiff is competent to litigate their claim on their own, the Seventh Circuit has advised that:

> the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.

*Pruitt*, 503 F.3d at 655 (ellipsis omitted). Unfortunately, the Seventh Circuit has not provided guidance on how to evaluate the difficulty of the case or the capabilities of the plaintiff. *Id*. Instead, the task is left to the district court to evaluate each case based upon its facts.

The Court is willing to accept the magistrate's conclusion that Royal's claims involve "some legal complexity" (ECF No. 65 at 3), although from a layperson's perspective almost any proceeding alleging a violation of constitutional rights must seem impossibly complex. From there, the Court must depart from the magistrate's findings.

The magistrate found that, because "many of the facts are within" Royal's knowledge, "the task of factual discovery is apt to be quite limited." (*Id*.). While the first part of this statement may be true, the Court cannot conclude that factual discovery in this case will be "quite limited." Royal has alleged a complex conspiracy involving seven defendants. The Court has whittled that number down to five through dispositive rulings (more on those later), but what remains is still a multi-party civil rights conspiracy claim. Royal's discovery, then, would reasonably consist of at least written discovery to five different parties as well as depositions of each. In addition, Royal will likely have to respond to discovery from each of the remaining defendants. The scope of the claim alleged in this case easily distinguishes this case from the authority relied upon by the magistrate,

*Lovelace v. Dall*, 820 F.2d 223 (7th Cir. 1987), which involved a discrete claim (interference with jail correspondence) against a single defendant (*Id*. at 225). Even if the parties did the minimum discovery expected in a claim of this type, the Court has little trouble concluding that the scope of discovery would overwhelm Royal's legal capacity.

The magistrate next focused on Royal's legal acumen, noting that she "survived a motion to dismiss" and "properly responded to motions pending against her." (ECF No. 65 at 3). Taking the motion to dismiss first, Royal's claim did survive a motion to dismiss from Holly Daniels, but this legal victory had little to do with Royal's legal abilities. The sole basis for Daniels' motion to dismiss was the assertion that "[t]he Complaint contains allegations against all Defendants, except [Daniels]." (ECF No. 19 at 1). This was not a legal argument; Daniels' motion to dismiss was based on a factual observation. When Royal responded with a stream-of-consciousness paragraph identifying Daniels as a member of the conspiracy (ECF No. 28), the sole issue presented in Daniels' motion to dismiss was resolved. It is worth noting that, even then, this Court found only that "Plaintiff has cleared the low bar of Federal Rule of Civil Procedure 12(b)(6)" (ECF No. 32 at 3), not a ringing endorsement of Royal's advocacy.[2]

Turning to Royal's responses to motions, the Court would not go so far as to describe the response as "proper." The motion to dismiss by the Department of Child Services ("DCS") is a good example. Unlike Daniels, who moved for dismissal on factual grounds, DCS advanced the constitutional argument that Royal's suit was barred by the Eleventh Amendment. (ECF No. 23 at 3). Royal's response did not so much as mention the Eleventh Amendment or acknowledge any of DCS' legal arguments. Instead, much like her response to Daniels' motion, Royal's response is a

---

[2] The Court would also note that Royal did not comply with the motion practice deadlines imposed by the Northern District of Indiana's Local Rules. Royal's responses to the motions to dismiss were filed some six weeks after the motions were served, and only after this Court expressly ordered her to respond. (ECF No. 25).

rambling factual recitation. (ECF No. 27). Indeed, this Court expressly noted in its order granting DCS' motion to dismiss that Royal "did not address the legal points raised in DCS' motion." (ECF No. 33 at 1). It is correct to say that Royal responded to DCS' motion, but describing the response as "proper" goes too far.

This is to say nothing of the proceedings surrounding Daniels' motion for summary judgment. Despite receiving the court-mandated notice of summary judgment motion (ECF No. 53), a document that in no uncertain terms set out Royal's response duties and the consequences for failing in those duties, Royal filed no response to Daniels' dispositive motion, proper or otherwise. Daniels was granted summary judgment, rendering Royal's "victory" at the motion to dismiss stage illusory.

The magistrate next noted that Royal has "adequate communication skills" as evidenced by her participation in the preliminary pretrial conference, and that Royal is "not illiterate." Royal may not be illiterate, but she is also not a master wordsmith. Take, for example, Royal's latest filing, which the Clerk graciously docketed as a motion for review of the magistrate's decision to deny representation. That filing reads, in its entirety:

> I Alicia appealing the decisions of deny me representation and having Judge Sue Collins.

(ECF No. 68) (all sic). John Steinbeck she is not. While Royal's prose is often enough for the Court to glean her general intent, it does nothing more. Royal's writing is certainly no match for any competent attorney.

If this were a small claims case, reasonable minds could differ as to Royal's ability to prosecute her claims. But this is a multi-party conspiracy action in federal court, dealing with legal concepts that befuddle even seasoned attorneys. Nothing in this case to date demonstrates Royal's ability to coherently present such a claim. To the contrary, every time Royal has been faced with

even the most rudimentary legal hurdle she has demonstrated an inability to clear it. This Court is forced to conclude that the magistrate made a mistake when she denied Royal's repeated requests for counsel, and it will therefore grant Royal the relief she requests.

**C.     Conclusion**

For the foregoing reasons, Royal's Motion for Review of Magistrate's Decision (ECF No. 68) is GRANTED in part and DENIED in part. This matter is re-referred to the magistrate with directions to recruit counsel to represent Royal.

SO ORDERED on March 13, 2020.

>s/Holly A. Brady
>JUDGE HOLLY A. BRADY
>UNITED STATES DISTRICT COURT